1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10   CARRIE WARD, individually and on )    Case No. 2:08-cv-02013-JHN-JWJx
     behalf of others similarly situated, )
11                                        )
                  Plaintiff,              )
12                                        )   ORDER: (1) GRANTING
     vs.                                  )   PLAINTIFF'S MOTION FOR FLSA
13                                        )   COLLECTIVE ACTION
     COSTCO WHOLESALE                     )   CERTIFICATION PURSUANT TO
14   CORPORATION, et al.                  )   29 U.S.C. § 216(b) AND (2) DENYING
                                          )   PLAINTIFF'S MOTION FOR CLASS
15                                        )   CERTIFICATION PURSUANT TO
                  Defendants.             )   F.R.C.P. RULE 23
16                                        )
                                          )
17                                        )

18   _____

19        The matter is before the Court on Plaintiff Carrie Ward's ("Plaintiff") Motion

20   for Certification of Collective Action pursuant to the Fair Labor Standards Act

21   ("FLSA"), 29 U.S.C. § 216(b) (hereinafter, "§ 216(b) Motion")[1] and Motion for

22   Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure

23   ("Rule__") (hereinafter, "Rule 23 Motion").[2]   The Court deemed the motions

24   appropriate for decision without oral argument pursuant to Rule 78 and Local Rule

25   7-15.  Accordingly, the motions were removed from the Court's calendar.  Having

26   considered the documents submitted by the parties, the Court GRANTS the

27   _____

28        [1]  Docket No. 52.

          [2]  Docket No. 50.

1   § 216(b) Motion and DENIES the Rule 23 Motion.

2   ## I.  **FACTUAL BACKGROUND**

3   Plaintiff filed this suit against Defendant Costco Wholesale Corporation

4   ("Costco") for its alleged violation of federal and state labor laws governing payment

5   of overtime and minimum wages.  Specifically, Plaintiff brought causes of action

6   premised on violation of § 207(a) of the FLSA[3] and California Labor Code §§ 201,

7   202, 203, 1194, and 1194.2.  In addition, Plaintiff has brought a claim against Costco

8   for its alleged violation of § 17200 of the California Business and Professions Code.[4]

9   The FLSA claim is the subject of the § 216(b) Motion and the state law claims are

10   the subject of the Rule 23 Motion.  The following facts are not in dispute.

11   ### A.     **Costco's Guaranteed Credit Card Program**

12   Costco offers a guaranteed credit card program to its employees as an optional

13   employee benefit.  Through the program, a Costco employee may obtain a credit card

14   ("Costco card") issued by Household Retail Services ("HRS"), a subsidiary of HSBC

15   Finance Corporation.  The Costco card may be used at Costco stores and its website.

16   The employee is liable to HRS for any outstanding balance on the Costco card, but

17   if the employee were to default, the line of credit was guaranteed by Costco.  By

18

19   [3] Section 207(a) provides that "no employer shall employ any of his employees

20   who in any workweek is engaged in commerce or in the production of goods for

21   commerce, or is employed in an enterprise engaged in commerce or in the production

22   of goods for commerce, for a workweek longer than forty hours unless such employee

23   receives compensation for his employment in excess of the hours above specified at

    a rate not less than one and one-half times the regular rate at which he is employed."

24   29 U.S.C. § 207.

25   [4] The Complaint also alleges that Costco failed to provide its employees with

26   accurate itemized wage statements in violation of § 226(e) of the Labor Code. (Compl.

27   ¶¶ 48-51.)  However, on May 28, 2008, the Court dismissed that claim with prejudice

    because the applicable statute of limitations had run.  (Order Granting Defendant

28   Costco Wholsale Corp.'s Mot. to Dismiss and Strike (hereinafter, "May 28, 2008

    Order"). )

1   applying for and obtaining a Costco card, the employee enters into a contractual
2   agreement directly with HRS and Costco, which requires the employee, among other
3   things, to complete and sign an Authorization for Deduction ("the Authorization").
4   The Authorization served as a consent for Costco to deduct from the employee's
5   final paycheck any outstanding balance on the Costco card upon the employee's
6   separation from Costco.  If the employee were to default on his obligations to HRS
7   during employment, the Authorization also permitted Costco to deduct what it paid
8   HRS from the employee's future earnings– in twenty six (26) equal installments over
9   the next twenty-six (26) paychecks.

10            **B.    Plaintiff Carrie Ward**

11        Plaintiff was employed at a Costco warehouse in California until May 2006.
12   In September 2004, Plaintiff applied for and was issued a Costco card.  In May 2006,
13   Costco terminated Plaintiff.  At the time, Plaintiff earned an hourly wage of $13.37.
14   During the final pay period prior to her termination, Plaintiff worked a total of 41.24
15   hours, including 0.24 hour of overtime, and 5 hours of Sunday work.  Costco
16   credited Plaintiff with $586.40 for the 41.24 hours worked.  Plaintiff had accrued
17   sick pay in the amount of $469.29 and vacation pay in the amount of $812.90.
18   Plaintiff's Costco card had an outstanding balance of $1,139.55.  After deducting
19   taxes, a 401(k) contribution, and the outstanding balance on the Costco card,
20   Plaintiff's final paycheck amounted to $231.28.  Plaintiff does not dispute the
21   deduction for taxes and the 401(k) contribution. Plaintiff only disputes the propriety
22   of the Costco card balance deduction.

23            **C.    Procedural History**

24        On January 24, 2008, Plaintiff filed a putative class action in the Los Angeles
25   Superior Court.  Costco timely removed the case to this Court.  Plaintiff brought the
26   following causes of action: (1) failure to pay minimum wage and overtime
27   compensation (Cal. Lab. Code §§ 201-203); (2) failure to provide accurate itemized
28   wage statements (Cal. Lab. Code § 226); (3) failure to pay minimum wage and

1    overtime compensation (FLSA, 29 U.S.C. §§ 207(a)); (4) continuing wages (Cal.

2    Labor Code §§ 201-203); and (5) unfair business practices (Cal. Bus. & Prof. Code

3    § 17203).

4          On May 28, 2008, the Court dismissed, *inter alia*, the second claim for relief

5    for failure to provide accurate itemized wage statements.  (May 28, 2008 Order at

6    11.)

7          On April 2, 2009, Costco filed a motion for summary judgment with respect

8    to the remaining claims.  The Court denied Costco's motion in its entirety.  (Order

9    Denying Def.'s Mot. For Summ. J. (Order Denying Defs.' Mot. Summ. J.

10   (hereinafter, "May 6, 2009 Order") at 15.)

11                          **II.  THE INSTANT MOTION**

12         Plaintiff now moves to certify a collective action with respect to the FLSA

13   claim and a Rule 23 class action for the state law claims.

14         With respect to the FLSA claim, Plaintiff defines the proposed class as

15   follows:

16         all natural persons who, at any time during the period from three years
17         prior to the filing of this Complaint to the present worked at Costco
           warehouse store and whose final pay was reduced on account of
18         Costco's illegal policy with respect to loans as alleged herein to a
           degree that they did not receive their minimum wage and/or overtime
19         wage[.]

20   (Compl. ¶ 32; § 216(b) Reply at 20.)

21         With respect to the state law claims, Plaintiff proposes a class consisting of

22   "all individuals who, at any time during the four years preceding the filing of the

23   Complaint, were employed by Costco in California and who had final wages

24   withheld from them on account of Costco's deduction of outstanding credit-card

25   debt."  (Rule 23 Mot. at 1:15-18; see also, Compl. ¶ 22.)

26

27

28

                                              4

1

2                                    **III.  ANALYSIS**

3          **A.      Plaintiff's § 216(b) Motion Is Granted.**

4                   Section 216(b) provides that one or more employees may bring a collective

5          action "on behalf of himself or themselves and other employees similarly situated."

6          29 U.S.C. § 216(b) (emphasis added).   Section 216(b) also provides that no

7          employee shall be a party plaintiff to a collective action unless the employee opts-in

8          by filing a written consent with the court.  Id.  "If an employee does not file a written

9          consent, then that employee is not bound by the outcome of the collective action."

10         Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006) (citing

11         Leuthold v. Destination America, Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004)).  The

12         court may authorize the named § 216(b) representative to send notice to all potential

13         members of the collective action, and may set a deadline for those plaintiffs to

14         "opt-in" to the suit.  Edwards, 467 F. Supp. 2d at 989.

15                  Courts have discretion in determining whether a certification of a § 216(b)

16         collective action is appropriate.  Id.  "Although the FLSA does not require

17         certification for collective actions, certification in a § 216(b) collective action is an

18         effective case management tool, allowing the court to control the notice procedure,

19         the definition of the class, the cut-off date for opting-in, and the orderly joinder of

20         the parties.  Id. at 989-990 (citing Hoffmann-La Roche Inc., v. Sperling, 493 U.S.

21         165, 170-72 (1989)).

22                  A majority of district courts, including those in the Ninth Circuit employ a

23         two-tiered process in determining whether the plaintiffs are "similarly situated."

24         Edwards, 467 F. Supp. 2d at 990 ("[T]he Court follows the majority approach and

25         applies a two-step approach for determining whether certification of a § 216(b)

26         collective action is appropriate."); Leuthold, 224 F.R.D. at 467 ("The court proceeds

27         under the two-tiered analysis, given that the majority of courts have adopted it.");

28         Delgado v. Ortho-McNeil, Inc., 2007 U.S. Dist. LEXIS 74731, at *2-3 (C.D. Cal.

1    Aug. 6, 2007) ("In determining whether employees are similarly situated, courts have

2    typically proceeded on an ad hoc case-by-case basis utilizing a two-stage inquiry.")

3          Under the two-step approach, the first step is for the court to decide, "based

4    primarily on the pleadings and any affidavits submitted by the parties, whether the

5    potential class should be given notice of the action." Leuthold, 224 F.R.D. at 467;

6    see also, Edwards, 467 F. Supp. 2d at 990.  In doing so, a court only requires

7    "substantial allegations that the putative class members were together the victims of

8    a single decision, policy, or plan." Thiessen v. GE Capital Corp., 267 F.3d 1095,

9    1102 (10th Cir. 2001). Due to the limited amount of evidence generally available to

10   the court at this stage, "this determination is usually made under a fairly lenient

11   standard." Edwards, 467 F. Supp. 2d at 990 (internal quotations omitted).  At the

12   notice stage, conditional class certification is commonly granted. Id. A plaintiff

13   only needs to show that his position is similar, not identical to the positions held by

14   the putative class members. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir.

15   1996) (internal citations omitted); see also, Edwards, 467 F. Supp. 2d at 990.

16         Plaintiffs bear the burden of showing that the proposed lead plaintiffs and the

17   proposed collective action group are "similarly situated." Edwards, 467 F. Supp. 2d

18   at 990.  "After a plaintiff has made an initial showing that the proposed class consists

19   of similarly situated individuals and the class is conditionally certified, the court

20   directs the distribution of notice to potential class members." Delgado, 2007 U.S.

21   Dist. LEXIS 74731, at *3.

22         The second step takes place after discovery is complete and the case is ready

23   for trial. Edwards, 467 F. Supp. 2d at 990 n.1.  At that stage, the defendant may

24   move to decertify the class. Id. In determining whether to decertify, courts must

25   examine the following factors: (1) the disparate factual and employment settings of

26   the individual plaintiffs; (2) the various defenses available to the defendants with

27   respect to the individual plaintiffs; and (3) fairness and procedural considerations.

28   Edwards, 467 F. Supp. 2d at 990 n.1 (citations omitted).  If the court finds that the

putative class members are not similarly situated, the court may decertify the class, and dismiss the opt-in plaintiffs without prejudice. Id. "If, on the other hand, the court finds that the putative class members are 'similarly situated', it permits the case to go to trial as a class action." Kane v. Gage Merch. Servs., 138 F. Supp. 2d 212, 214 (D. Mass. 2001).

Applying the lenient standard used in the first step of the analysis, the Court finds that conditional certification of a § 216(b) collective action is appropriate for the purpose of giving notice to the prospective class. The allegations in the Complaint and the evidence submitted by the parties show that Costco has a policy of (1) issuing Costco cards to its employees and (2) deducting the cards' outstanding balances from the employees' final paychecks upon their separation from Costco, thereby decreasing their earned wages.[5]  Pursuant to the terms of Costco's credit card program, both Plaintiff and other employees who participated in the program were required to complete and sign an Authorization for Deduction, which effectively authorized Costco to "divert money to HRS" from the participants' final paychecks "in an amount equal to the outstanding balance on the credit card."[6] Because Plaintiff and other participants of Costco's credit card program were subjected to a single policy, the similarly-situated test is satisfied.

Costco argues that at even at the notice stage, Plaintiff must show that other individuals are interested in pursuing a collective action. (§ 216(b) Opp'n at 4.)  In

---

[5]  According to Costco, from January 24, 2004 through April 1, 2008, there were at least 276 individuals who have had outstanding balances deducted from their final paychecks at the end of their employment.  (See Declaration of Allan Harris ("Harris Decl.") in Supp. Pl.'s § 216(b) and Rule 23 Mots., Exh. 6 at 7:15-17.)

[6]  See Declaration of Marietta Dasalla I ("Dasalla Decl. I"), ¶ 6; see also, Harris Decl., Exh. 2 at 35:8-14 (testimony of Costco's Assistant Vice President of Internal Audit that for the last 10 years, Costco has had a policy of deducting the balance of outstanding credit-card debt from the final paychecks of employees with company-sponsored credit cards).

support of this proposition, Costco cites to cases from the Eleventh Circuit.  (See id.

(citing Dybach v. Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir. 1991);

Horne v. United Servs. Auto. Ass'n, 279 F. Supp. 2d 1231 (M.D. Ala. 2003).)  This

proposition has been previously rejected by a court in the Central District.  In

Delgado, 2007 U.S. Dist. LEXIS 74731, at *4-5, the court observed:

> Relying on case law from the Eleventh Circuit, Defendants argue that conditional certification is not available unless a plaintiff makes an affirmative showing that there are other individuals who desire to opt in to the class.  However, this additional requirement at the notice stage has almost never been applied outside of the Eleventh Circuit, and has never been applied in the Ninth Circuit.  Indeed, at least one district court has identified the language in Dybach as "dicta" and criticized it for "conflict[ing] with [the] United States Supreme Court's position that the [FLSA] should be liberally 'applied to the furthest reaches consistent with congressional direction.'"  The Dybach court provided no explanation for requiring plaintiffs to show that other class members desire to opt in, nor does the [defendant] indicate why this Court should adopt such a rule.  The Court finds the Dybach rule inappropriate at the "notice stage."  Conditional certification at this stage is designed to provide notice to potential plaintiffs specifically because they might not yet be informed of the action or their ability to participate in it.  Accordingly, the Court will not require Plaintiffs to demonstrate at this stage that other [individuals] . . . seek to participate in this action.

Delgado, 2007 U.S. Dist. LEXIS 74731, at *4-5 (citations omitted); see also, Reab

v. Elec. Arts, Inc., 214 F.R.D. 623, 629 (D. Colo. 2002) ("The cited language in

Dybach is dicta.")  The Court agrees with the reasoning of the court in Delgado.

Therefore, the Court will not require Plaintiff to show at this stage that other former

Costco employees seek to join the collective action.[7]

---

[7] Costco also cites Pfohl v. Farmers Ins. Group, 2004 U.S. Dist. LEXIS 6447, at *31 (C.D. Cal. Mar. 1, 2004), a case from the Central District, for the proposition that Plaintiff must provide evidence that other employees desire to join the lawsuit before a collective action can be certified.  (§ 216(b) Opp'n at 4.)  Costco's reliance on Pfohl is misplaced because the court in Pfohl did not deny the § 216(b) motion due to the plaintiff's failure to show that other employees were interested in joining the action.  Pfohl, 2004 U.S. Dist. LEXIS 6447, at *31.  Rather, the court denied the § 216(b) motion in part because the plaintiff "has engaged in solicitation and has failed to come up with significant numbers of allegedly similarly situated employees who are likely to assert similar claims."  Id.  Here, Plaintiff notes that no solicitation has

1    Costco also argues that conditional certification is improper because Plaintiff

2    has not demonstrated an inability to identify potential collective-action members due

3    to lack of information.  (§ 216(b) Opp'n at 5 (citing <u>Michaelson v. Arrow Transp.</u>

4    <u>Co.</u>, 1997 U.S. Dist. LEXIS 23665, at *3 (D. Or. June 6, 1997).)  Costco's argument

5    has no merit because <u>Michaelson</u>, the basis for its proposition, is distinguishable in

6    that it applied <u>Dybach</u>'s additional requirement, which, as previously mentioned, is

7    inappropriate in the notice stage.

8    Moreover, Costco argues that conditionally certifying a collective action

9    would not assist Plaintiff in identifying prospective collective action members, as the

10   deadline for class discovery has passed, i.e, May 31, 2009.  (§ 216(b) Opp'n at 5-6.)

11   Costco further argues that this case is ripe for a step two inquiry because the Court

12   has been presented with substantial evidence.  (<u>Id.</u> at 10.)  Costco's arguments lack

13   merit in view of Plaintiff's showing that Costco refused to identify potential

14   collective action members during discovery because such request was, *inter alia*,

15   "premature." [8]   The FLSA was enacted "to protect all covered workers from

16   substandard wages and oppressive working hours."  <u>Adair v. City of Kirkland</u>, 185

17   F.3d 1055, 1059 (9th Cir. 1999).  That purpose will be frustrated if Costco were to

18   benefit from its refusal to identify potential class members.

19   The Court recognizes that courts sometimes bypass the first step when

20   discovery has been completed.  <u>See</u> <u>Leuthold</u>, 224 F.R.D. at 468.   However, the

21   Court believes that such an approach is inappropriate in this case due to the concerns

22   raised by the Court in <u>Leuthold</u>.  In <u>Leuthold</u>, the defendant urged the court to bypass

23   the first-step because discovery was drawing to a close and the court had enough

24   evidence to make a factual determination under the second step.  The court disagreed

25   with the defendant, noting that "it is unclear to the court whether a complete factual

26

27   occurred.  Accordingly, <u>Pfohl</u> is distinguishable.

28   [8] Harris Decl., Exh. 6 at 5:1-10.

9

record has been developed and presented to the court." Id. at 467. The court also explained that "the two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class." Id. The court then concluded:

> [B]eginning with tier one of the analysis is the most equitable means of proceeding. . . . [S]hould the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit. And should the court proceed to tier two on an unsettled factual record, the court might be deprived of crucial facts that would support plaintiffs' arguments for class treatment.

Id. at 468. The Court agrees with Leuthold's rationale for not bypassing the first-step. Because no formal solicitation appears to have taken place in this case and because Costco has refused to identify potential members of the collective action, the Court believes that bypassing the notice stage altogether would deprive the Court of material information as to the number of prospective class members who would be willing to opt in and would deprive the potential class members of a meaningful opportunity to participate. Id.

In the notice stage, a court "'requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" Thiessen, 267 F.3d at 1102 (citing Bayles v. American Medical Response, 950 F. Supp. 1053, 1066 (D. Colo. 1996)). As discussed above, that requirement is easily met here inasmuch as there is no dispute that Costco has a policy of (1) issuing Costco cards to its employees and (2) deducting the cards' outstanding balances from the employees' final paychecks upon their separation from Costco.

Based on the foregoing, the Court grants Plaintiff's § 216(b) motion, and conditionally certifies the proposed collective action for purposes of notifying the proposed class members of the pendency of the suit.[9]

---

[9] Much of Costco's arguments in opposing the § 216(b) motion focused on the more stringent second tier analysis. (See § 216(b) Opp'n at 10-15.) The Court need

1      **B.      Plaintiff's Rule 23 Motion Is Denied.**

2      Plaintiff also moves for class certification pursuant to Rule 23 with respect to

3      the state law claims.  A Rule 23 class action may be maintained if: (1) the class is so

4      numerous that joinder of all members is impracticable; (2) there are questions of law

5      or fact common to the class; (3) the claims or defenses of the representative parties

6      are typical of the claims or defenses of the class; and (4) the representative parties

7      will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

8      Additionally, a plaintiff must meet the requirements for at least one of the three types

9      of class actions enumerated in Rule 23(b).  The burden of satisfying the Rule 23

10     requirements is on the party seeking certification.  In re Northern Dist. of California,

11     Dalkon Shield IUD Products Liability Litigation, 693 F.2d 847, 854 (9th Cir. 1982);

12     Edwards, 467 F. Supp. 2d at 991.  Courts have discretion in determining whether

13     class certification is appropriate.  Doninger v. Pacific Northwest Bell, Inc., 564 F.2d

14     1304, 1309 (9th Cir. 1977).

15     In her Rule 23 motion, Plaintiff argues that she meets all the requirements of

16     Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3).  (Rule 23 Mot. at 15-24.)  Costco

17     disagrees.  The Court need not decide whether the requirements of Rule 23(a) were

18     satisfied because Plaintiff's failure to satisfy either Rule 23(b)(2) or Rule 23(b)(3)

19     is dispositive of the Rule 23 certification motion.  See Edwards, 467 F. Supp. 2d at

20     991 n.3 (declining to address the requirements of Rule 23(a) because plaintiffs failed

21     to satisfy the requirements of Rule 23(b)); Leuthold, 224 F.R.D. at 469 (same).

22     **1.      Certification under Rule 23(b)(2) Is Inappropriate.**

23     Certification under Rule 23(b)(2) is appropriate when a defendant "has acted

24

25     not reach these arguments inasmuch as they are more appropriately addressed on a

26     motion for decertification after notice is given to the proposed class.  See Leuthold,
       224 F.R.D. at 468 (declining to address defendants' arguments relating to the second

27     tier analysis and holding that those issues may be more appropriately addressed on a

28     motion for decertification).

or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate" with respect to the class as a whole. Here, Plaintiff argues that certification under Rule 23(b)(2) is proper because "Costco has maintained its illegal payroll practices, and will likely continue to maintain its illegal payroll practices" until the Court issues an injunction. (Rule 23 Mot. at 15.) Plaintiff sought injunctive relief as a remedy only for the fifth cause of action. (Compl. ¶ 86.) As the Court has previously indicated, "terminated employees lack standing to pursue injunctive relief to remedy an employer's ongoing unlawful business practices, to the extent that there is no colorable claim that they will be reinstated." (May 28, 2008 Order at 10.) In the Court's May 28, 2008 Order, the Court specifically held that Plaintiff lacks standing to pursue injunctive relief because she "has made no allegation that she intends to or is actively seeking employment with Costco so that she would benefit from any ordered injunctive relief." (Id.) Because Plaintiff has no standing to pursue injunctive relief, Plaintiff cannot seek to certify a class under Rule 23(b)(2).[10]

**2.      Certification under Rule 23(b)(3) Is Also Inappropriate.**

Certification under Rule 23(b)(3) is appropriate if the court finds (1) that the questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Plaintiff argues that both requirements of Rule 23(b)(3) are satisfied. (Rule 23 Mot. at 16-24.) Costco argues that individual questions of fact predominate and a class action

---

[10] The Court also notes that in <u>Molski v. Gleich</u>, 318 F.3d 937, 947 (9th Cir. 2003), the Ninth Circuit instructed that in order to permit certification under Rule 23(b)(2), the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief. Here, the claim for damages is not incidental to the request for injunctive relief but rather, a driving force behind this lawsuit as shown by the fact that Plaintiff herself is not entitled to injunctive relief and only one out of her five causes of action seeks injunctive relief as a remedy.

1  is not a superior device to resolve the state law claims.  (Rule 23 Opp'n at 19-24.)

2       Regardless of whether common questions of law and fact predominate, the

3  Court finds that certifying a Rule 23 class action is not a superior means of

4  adjudicating the state law claims.  In determining whether a class action is superior,

5  courts must examine the following factors: (1) the class members' interests in

6  individually controlling the prosecution or defense of separate actions; (2) the extent

7  and nature of any litigation concerning the controversy already begun by or against

8  class members; (3) the desirability or undesirability of concentrating the litigation

9  of the claims in the particular forum; and (4) the likely difficulties in managing a

10  class action. Fed. R. Civ. P. 23(b)(3).  "Relevant to an examination of these factors

11  is a comparative evaluation of alternative methods of resolving the dispute."

12  Leuthold, 224 F.R.D. at 469; see also, Hanlon v. Chrysler Corp., 150 F.3d 1011,

13  1023 (9th Cir. 1998) (instructing that the superiority inquiry "necessarily involves

14  a comparative evaluation of alternative mechanisms of dispute resolution").

15       The Court finds that certifying a Rule 23 class action is not the superior means

16  of adjudicating Plaintiff's state law claims for the reasons raised by the court in

17  Leuthold.  In Leuthold, as in this case, plaintiffs moved to certify both a § 216(b)

18  collective action and a Rule 23 class action.  The court in Leuthold held that because

19  plaintiffs had the option of bringing their pendent state law claims as part of the §

20  216(b) collective action, "[t]his alternative undercuts all of the Rule 23(b)(3)

21  superiority factors." Leuthold, 224 F.R.D. at 469.  The court in Leuthold provided

22  two reasons for its conclusion.

23       First, the court observed that the FLSA collective action allows individuals to

24  control their participation in the action in a far more expeditious fashion than does

25  a Rule 23 class action.  Id. at 469.  FLSA allows participation on an opt-in basis,

26  while Rule 23 requires that nonparticipating class members affirmatively opt out to

27  avoid being bound by the judgment.  Therefore, in an FLSA collective action, only

28  those who truly wish to participate need to act by opting in, but those who do not

13

wish to join need not do anything.  Id.  In contrast, a Rule 23 class requires that individuals take affirmative action in order to avoid being bound by the judgment. Id.

Second, the court in Leuthold noted that the fact that the Rule 23 class is based on state law claims is problematic and raises a jurisdictional concern.  Id. at 470. The court recognized that its supplemental jurisdiction over the state law claims is based on the FLSA claim.  28 U.S.C. § 1367(a).  Therefore, if "only a few plaintiffs opt in to the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims."  Id.  The court then concluded that it "might then be in a position in which declining supplemental jurisdiction would be appropriate, given that the state law claims could be said substantially to predominate over the federal claims."  Id.; see also, 28 U.S.C. § 1367(c)(2).

The court in Leuthold also explained that "the policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.'"  Id. at 470 (citing Rodriguez v. The Texan, Inc., 2001 U.S. Dist. LEXIS 24652, at *3 (N.D. Ill. 2001).  Moreover, the court warned that confusion would likely result if the court were to ask potential plaintiffs both to opt in as required by the FLSA and to opt out as required by Rule 23.  Id.  at 470.

Recently, a court in the Central District relied on Leuthold in reaching its decision to deny a Rule 23 motion for class certification.  In Edwards, 467 F. Supp. 2d at 992, plaintiffs moved for certification of an FLSA collective action and a Rule 23 class action.  Relying on Leuthold, the court in Edwards held that the FLSA collective action is a "more appropriate vehicle to hear the state law claims of plaintiffs who are interested in pursuing such claims."  Id. at 993 (citing Leuthold,

1    224 F.R.D. at 470).[11]

2         The Court finds Leuthold and Edwards persuasive.   "If both a § 216(b)

3    collective action and a Rule 23 class action were allowed to proceed, confusion

4    would result from requiring potential plaintiffs to both opt-in and opt-out of the

5    claims in the suit." Edwards, 467 F. Supp. 2d at 992.  Moreover, the court would

6    likely face a "rather incongruous situation of an FLSA 'class' including only a tiny

7    number of employees . . . with a state-law class that nonetheless includes all or

8    nearly all of the companies' present or former employees." McClain v. Leona's

9    Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004).  "To do so would effectively

10   'allow[] a federal tail to wag what is in substance a state dog.'" Id. (citing De

11   Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310 (3d Cir. 2003)).

12        For the foregoing reasons, the Court finds that an FLSA collective action is

13

14   _____

15        [11]  In support of her Rule 23 motion, Plaintiff cites O'Brien v. Encotech Constr.
16   Servs., 203 F.R.D. 346, 351 (N.D. Ill. 2001), a case where the court certified both a
     Rule 23 class action and a § 216(b) collective action.  (Rule 23 Reply at 21.)  The
17   Court declines to follow O'Brien because the court in O'Brien did not consider the
18   other factors of the superiority test, namely, (1) the difficulties and confusion likely
     to be encountered if the court were to certify a § 216 (b) collective action and a Rule
19   23 class action and (2) the interest of class members to control the prosecution of their
20   claim in a more efficient way by opting into an FLSA collective action.  203 F.R.D.
     at 352.  Furthermore, the court in O'Brien did not consider whether prosecuting the
21   pendent state claims as part of the FLSA collective action would be a superior method.
22   Likewise, Plaintiff's reliance on Carter v. Anderson Merchandisers, LP, 2008 U.S.
     Dist. LEXIS 102952, at *30 (C.D. Cal. Nov. 18, 2008) is unavailing because the court
23   did not consider the issue of whether the option of bringing pendent state law claims
24   as part of the § 216(b) collective action is a superior method of adjudicating the state
     law claims.  Finally, Plaintiff cites Damassia v. Duane Reade, Inc., 250 F.R.D. 152,
25   162 (S.D.N.Y. 2008) and Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 210
26   (N.D. Cal. 2009) as additional authorities for the proposition that a Rule 23 class
     action is a superior method to resolve the state claims.  The Court finds the approach
27   taken by the courts in Leuthold and Edwards compelling, and therefore declines to
28   follow the authorities cited by Plaintiff.

1   a far more superior mechanism to adjudicate Plaintiff's state law claims.[12]

2       **C.    Proposed FLSA Notice to Prospective Plaintiffs**

3       As part of the § 216(b) motion, Plaintiff asks the Court to approve her

4   proposed notice to be distributed to the class.  (Harris Decl., Exh. 8.)  In addition,

5   Plaintiff asks the Court to appoint a Claims Administrator and order Costco to

6   provide an electronic list of the FLSA collective action members so that the

7   Administrator may send the notice to them via first-class mail. (§ 216(b) Mot. at 17.)

8   The Court finds that production of the names and addresses of potential collective

9   action members to the Claims Administrator appropriate.  <u>See</u> <u>Delgado</u>, 2007 U.S.

10  Dist. LEXIS 74731, at *10.  The notice should be revised to reflect the Court's

11  decision only to certify an FLSA collective action.  In the course of revising the

12  notice, the Court orders the parties to meet and confer and attempt to agree on a joint

13  proposed notice.  If the parties fail to reach an agreement, the parties may each

14  submit a proposed notice.  The proposed notice(s) must be submitted within fifteen

15  (15) days of the date of this Order.  In the event that the parties do not submit a joint

16  proposed notice, the parties should file any objections to the proposed notices within

17  thirty (30) days of the date of this order.  The notice should be consistent with the

18  Court's rulings above.

19                 **IV.  CONCLUSION**

20      For the foregoing reasons, Plaintiff's motion to certify an FLSA collective

21  action, Docket No. 52, is GRANTED, although the Court's certification of such class

22  is conditional and is for purposes of notification only.  Plaintiffs' motion to certify

23

24

---

25      [12] Costco also argues that putative class members may pursue civil actions or
administrative claims.  (Rule 23 Opp'n at 24-25.)  Moreover, Costco argues that the

26  Court cannot certify a Rule 23 class action because the Rules Enabling Act and FLSA
preempt Plaintiff's attempt to certify a Rule 23 class action.  (<u>Id.</u> at 5-9.)  Given the

27  Court's finding that a Rule 23 class action is not a superior alternative to adjudicate

28  the state law claims, the Court need not reach these issues.

1    a Rule 23 class for related state law claims, Docket No. 50, is DENIED.

2        IT IS SO ORDERED.

3

Dated:  March 23, 2010

4                                          _____
                                           Jacqueline H. Nguyen, Judge
5                                          United States District Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28